**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>      Plaintiff, )<br>)<br>v. )<br>)   Case No. 11-cr-779<br>ANWAR TRAPP, )<br>      Defendant. )   Judge Sharon Johnson Coleman<br>) | |

## MEMORANDUM OPINION AND ORDER

While Fed.R.Crim.P. 32(d) permits withdrawal of a plea upon a showing by the defendant of "any fair and just reason," a defendant does not have an absolute right to withdraw a guilty plea before sentencing. United States v. Carroll, 412 F.3d 787, 792 (7th Cir. 2005). A district judge must be able to rely on the defendant's sworn testimony during a Rule 11 colloquy. *United States v. Gwiazdzinski*, 141 F.3d 788 (7th Cir. 1998). As such, the record of a Rule 11 colloquy is accorded a presumption of verity. *United States v. Standiford*, 158 F.3d 864, 868 (7th Cir. 1998). "The presumption of verity of a defendant's statements in pleading guilty is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) (internal brackets and quotations omitted). The decision whether to permit withdrawal is one committed to the district court's sound discretion. *United States v. Abdul*, 75 F.3d 327, 329 (7th Cir. 1996)

Defendant, a non-U.S. citizen, claims that his guilty plea was not made knowingly or voluntarily. His argument is based primarily on allegations that counsel failed to contact the Belizean consulate prior to entry of his guilty plea and in violation of the Vienna Convention. *See* Vienna Convention on Consular Relations, Art. 36(1)(b), 1969 WL 97928 (when a foreign

national has been arrested, the arresting agency must "inform the consulate of a foreign national's arrest or detention without delay").

While the Seventh Circuit has found defense counsel's performance deficient upon failure to raise the government's failure to inform the foreign consulate of the defendant's arrest, a defendant must satisfy his burden of showing that the deficient performance actually prejudiced him. *Osagiede v. United States*, 543 F.3d 399, 413 (7th Cir. 2008). In order to demonstrate prejudice, a foreign national must "show a realistic prospect of consular assistance and provide some credible indication of facts reasonably available to him to support his claim." *Id*. The necessary showing is whether the consulate could have helped defendant – based on a special need for services that only the consulate could provide – and whether it would have helped defendant. *Id.*; *see also Sandoval v. United States*, 574 F.3d 847 (7th Cir. 2009).

Defendant claims that the Belizean consulate could have helped him in "understanding the effect of his guilty [plea] on his family and his ability to potentially remain in the United States." (Dkt. # 186 at p. 5.) However, this bare assertion does not establish a special need for services that only the consulate could provide, nor does it show that the Belizean consulate could or would have helped in defendant's case. Namely defendant fails to indicate what legal advice the consulate could have given to him that was different from or better than what was provided by his attorney. Additionally, paragraph 28 of defendant's plea agreement contains an admonishment that his guilty plea may have immigration consequences. (Change of Plea Hr. at p. 23-24.)

Indeed, a complete review of the record shows that the court properly addressed the possibility of immigration consequences of pleading guilty, as set out in paragraph 28, during defendant's Rule 11 colloquy. (*Id.*) At that time, defendant stated: "I got a question about that I

want to ask about that too." (*Id*. at 24.) The court immediately provided defendant time to confer privately with his attorney. (*Id*.) Defendant's counsel then stated, "We just discussed sentencing factors. Due to the fact that he will probably be deported, those are sentencing factors I may be able to argue before you when that time comes. But that's not today." (*Id*.) The court acknowledged this and inquired as to whether defendant wished to withdraw his guilty plea as a result of his immigration concerns. (*Id*. at 24-25.) Defendant answered no. (*Id*. at 25.) The court again provided defendant an opportunity to confer privately with his attorney after which defense counsel stated there was nothing more he wished to bring to the court's attention. (*Id*.) Thereafter, the court gave defendant a final opportunity to convey his concerns directly to the court and he had none. (*Id*.)

In sum, defendant has failed to show that he was prejudiced by any failure to contact the Belizean consulate and has failed to carry the heavy burden of persuasion to show that his plea was anything but knowingly and voluntarily entered. Thus, defendant's motion to withdraw guilty plea is denied.

IT IS SO ORDERED.

_____
Date: November 6, 2013

Sharon Johnson Coleman
United States District Judge